<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| QAMAR MUNIR BOKHARI,<br><br>        Plaintiff,<br><br>v.<br><br>RENA BITTER, et al.,<br><br>        Defendants. | Civil Action No. 23-01947(JKS)(JSA)<br><br>**WHEREAS OPINION**<br><br>January 22, 2024 |

**SEMPER**, District Judge.

    **THIS MATTER** having come before this Court upon the filing of Defendants Rena Bitter, Andrew Schofer, and Antony Blinken's ("Defendants") Motion to Dismiss Plaintiff Qamar Munir Bokhari's ("Plaintiff") Complaint, (ECF 1.), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), (ECF 15.), and the Court having considered the Complaint and Defendants' and Plaintiff's submissions, and having reached its decision without oral argument pursuant to Rule 78; and

    **WHEREAS** Plaintiff's Complaint alleges claims that stem from his daughter and granddaughter's pending visa petitions. Plaintiff's Complaint asserts causes of action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), § 555(b), the Mandamus Act, 28 U.S.C. § 1361, and the Due Process Clause under the Fifth Amendment (*see* ECF 1; ECF 11.). Plaintiff requested that the court mandated the processing of the pending visa petitions (ECF 1.); and

    **WHEREAS** the federal question statute confers jurisdiction on the district courts over actions "arising under" federal law. 28 U.S.C. § 1331. Congress allows courts to review claims of

unreasonable delay under the APA. 5 U.S.C. § 706(1). This Court can "compel action unlawfully withheld or unreasonably delayed." *Id.* However, this court may compel an agency to "take action upon a matter, without directing how it shall act." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). The State Department has discretion regarding visa interview scheduling, but the APA requires agencies to act on matters presented to them within a "reasonable time." 5 U.S.C. § 555(b); and

**WHEREAS** the Plaintiff's Mandamus Act claim is subsumed by his APA claim. The APA authorizes actions for a mandatory injunction to enforce compliance with its requirements, 5 U.S.C. § 703, making the Mandamus Act claim duplicative. *Thompson v. U.S. Dep't of Labor*, 813 F.2d 48, 52 (3d Cir. 1987); *see also Mutasa v. U.S.C.I.S.* 531 F.Supp.3d 888, 893 n.4 (D.N.J. Mar. 31, 2021); and

**WHEREAS** Plaintiff's Complaint fails to set forth a short and plain statement of his claims adequately alleging unreasonable delay in scheduling the visa interview. (ECF 1.) The facts alleged in the Complaint are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"); and

**WHEREAS** Congress granted rulemaking authority for the granting or refusal of visas to the Secretary of Homeland Security, directing him to exercise this authority through the Secretary

of State. 22 U.S.C. § 3927. The Secretary of State has discretionary authority on the form and manner for making a visa application. 8 U.S.C. § 1202(a).  The APA requires agencies including the Department of State to render decisions "within a reasonable period of time." 5 U.S.C. § 555(b). Under the APA, courts may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, "claim[s] under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). The Third Circuit assesses unreasonable delay under the APA pursuant to *Oil, Chem*:

> First, the court should ascertain the length of time that has elapsed since the agency came under a duty to act. Second, the reasonableness of the delay should be judged in the context of the statute authorizing the agency's action. Third, the court should assess the consequences of the agency's delay. Fourth, the court should consider any plea of administrative error, administrative inconvenience, practical difficulty in carrying out a legislative mandate, or need to prioritize in the face of limited resources.

*Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 123 (3d Cir. 1998) (citations omitted); and

**WHEREAS** Plaintiff's daughter's case with the NVC became "Documentarily Qualified" in March 2021 and remains pending for interview scheduling. There is "'no *per se* rule as to how long is too long' to wait for agency action," *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004), but "[d]istrict courts have generally found the immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Sarlak v. Pompeo*, 2020 WL 3082018, at *6 (D.D.C. Jun. 10, 2020). The Court recognizes the personal anguish this delay has caused Plaintiff. However, Congress granted the State Department wide discretion in adjudicating visas. 8 U.S.C. § 1202(a). Accordingly, 5 U.S.C. § 706(1) does not entitle Plaintiff relief in this matter; and

**WHEREAS** Plaintiff fails to state a claim for relief under the Due Process Clause of the Fifth Amendment. Plaintiff is not entitled to visa adjudication as a matter of right and therefore has no claim of entitlement to a liberty or property interest. *Shukhrat v. Sec'y, U.S. Dep't of Homeland Sec.*, 634 F. App'x 880, 884 (3d Cir. 2015); therefore,

**IT IS, on this 22nd day of January 2024**,

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  An appropriate order follows.

/s/  Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Parties
       Jessica S. Allen, U.S.M.J.